

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00084-CV

---

IN RE DONALD ALLEN TRUMBLE

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Relator, Donald Allen Trumble, has filed a petition for a writ of mandamus asking this Court to compel the Honorable John L. Tidwell, presiding judge of the 202nd Judicial District Court of Bowie County, to (1) vacate the contempt portions of the judgment against him, (2) vacate an order denying a motion to vacate and modify final judgment, and (3) modify the judgment to comply with the law. Because we conclude that the certification in the appendix to the mandamus does not comply with the Texas Rules of Appellate Procedure, we deny the requested relief.

Relator did not file a record with his petition but instead filed an appendix. As a result, Relator was required to comply with Rule 52.3(l)(1)(B) of the Texas Rules of Appellate Procedure, which states that an appendix "must contain . . . a certified or sworn copy of the relevant trial court order, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(l)(1)(B). A Rule 52.3(k) certification was included in the filing with this Court, which states,

> All documents included within the Appendix to Petition for Writ of Mandamus and designated as "Trial Court Records" in Appx. A are true and correct electronic copies of 5th Judicial District Court of Cass County, Texas court records filed in the underlying trial court proceeding No. 4D1481A-202, downloaded from e-filing notices of such filings, and saved as those documents exist in our law firm's electronic files, or are electronic mail, correspondence, and other records though not filed of record, are from the parties to these proceedings, are relevant to these proceedings, and are kept by our law firm in the ordinary course of business.

This was the only certification included in Relator's filing. The certification does not comply with Rule 52.3(l)(1)(B) because the declarant swears that the records were filed in a different court and county, namely, the 5th Judicial District Court of Cass County, Texas.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Porter*, No. 06-21-00054-CV, 2021 WL 2425251, at *1 (Tex. App.—Texarkana June 15, 2021, orig. proceeding) (mem. op.) (quoting *In re Morehead*, No. 06-21-00025-CV, 2021 WL 1652064, at *2 (Tex. App.—Texarkana Apr. 28, 2021, orig. proceeding) (mem. op.) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar 22, 2019, orig. proceeding) (mem. op.))). "It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *In re Long*, 607 S.W.3d 443, 446 (Tex. App.—Texarkana 2020, orig. proceeding) (quoting *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *2 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op., not designated for publication)); *see* TEX. R. APP. P. 52.3(l)(1)(A), 52.7(a)(1).

Because Relator did not comply with the Texas Rules of Appellate Procedure, we deny the petition for a writ of mandamus.[1]

Charles Van Cleef
Justice

Date Submitted:  July 24, 2026
Date Decided:  July 27, 2026

---

[1]Because we deny Trumble's petition, we overrule his emergency motion for temporary relief as moot.

3